[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 15, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13238
Non-Argument Calendar

_____

D. C. Docket No. 06-00107-CV-4-SPM

RICHARD SINGLETON,

Plaintiff-Appellant,

versus

STATE OF FLORIDA DEPARTMENT OF JUVENILE JUSTICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 15, 2009)

Before BIRCH, HULL and FAY, Circuit Judges.

PER CURIAM:

Richard Singleton, a black man, appeals the judgment in favor of the State of Florida Department of Juvenile Justice ("DJJ") on his claim that employees of the DJJ terminated him from his position as superintendent of a juvenile justice facility because of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). Singleton argues that the jury instructions were plainly erroneous because they misled the jury and left the jury to speculate on an essential point of the law. For the reasons set forth below, we affirm.

**I.**

At trial, the district court used Eleventh Circuit Pattern Jury Instructions (Civil), 1.2.1 and instructed the jury, in pertinent part, as follows:

> In this case the plaintiff makes a claim under the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of their employment because of the employee's race.
>
> More specifically, the plaintiff claims that he was demeaned, unfairly scrutinized and ultimately discharged from employment by the defendant because of his race. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of that governmental agency.
>
> The defendant denies that the plaintiff was discriminated against in any way and asserts that all actions taken and decisions made were for legitimate non-discriminatory reasons and that if any actions or decisions included discriminatory motives, the same actions

2

and decisions would have been taken anyway.

In order to prevail on his claim, the plaintiff must prove each of the following facts by a preponderance of the evidence:

First: That the plaintiff was discharged from employment by the defendant; and.

Second: That the plaintiff's race was a substantial or motivating factor that prompted the defendant to take that action.

. . .

. . .

On the other hand, it is not necessary for the plaintiff to prove that the plaintiff's race was the sole or exclusive reason for the defendant's decision. It is sufficient if the plaintiff proves that race was a determinative consideration that made a difference in the defendant's decision.

If you find in the Plaintiff's favor with respect to each of the facts that the Plaintiff must prove, you must then decide whether the Defendant has shown by a preponderance of the evidence that the Plaintiff would not have been discharged for other reasons even in the absence of considerations of the Plaintiff's race. If you find that the Plaintiff would have been dismissed for reasons apart from the Plaintiff's race, then you will make that finding in your verdict.

The jury returned a verdict finding that "the fact that [Singleton] was black was [not] a substantial or motivating factor that prompted the Defendant to fire [him]."

## II.

When the parties do not dispute that the appellant failed to object to the jury instructions before the jury's deliberations, as here, we review the jury instructions

3

for plain error only.  See United States v. Massey, 89 F.3d 1433, 1442 (11th Cir.1996).  Under plain error review, we may correct an error if we finds (1) an error, (2) that is plain, (3) that affected the appellant's substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings.  United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).  Specifically regarding jury instructions, "[p]lain error review is an extremely stringent form of review" and "reversal for plain error will occur only in exceptional cases where the error is so fundamental as to result in a miscarriage of justice."  Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1329-30 (11th Cir.1999).  To demonstrate that jury instructions were plainly erroneous, an appellant must prove that the challenged instruction was an incorrect statement of the law, misled the jury, or left the jury to speculate as to an essential point of law. Id.  The incorrect statement must have been so prejudicial as to affect the outcome of the proceedings.  Id.

## III.

Although Singleton does not argue as much, we initially note that, in all relevant aspects, the jury instructions were not a misstatement of law, as they tracked the language of the Eleventh Circuit Pattern Jury Instructions (Civil), 1.2.1. See Farley, 197 F.3d at 1329-30.  Although the final paragraph of instructions

4

above contains an error, in that the district court should have instructed, "You must then decide whether the Defendant has shown by a preponderance of the evidence that the Plaintiff <u>would</u> have been discharged for other reasons even in the absence of considerations of the Plaintiff's race," this error did not affect the outcome of the trial because the jury found that Singleton had not shown that his race was a factor in his termination and, therefore, never reached the part of its analysis that required determining whether the DJJ would have made the same decision even were it not motivated by his race. <u>See</u> Eleventh Circuit Pattern Jury Instructions (Civil), 1.2.1; <u>Farley</u>, 197 F.3d at 1329-30.

Singleton first argues that the jury instructions misled the jury. He explains that he presented evidence that John Tallon, his supervisor, recommended to upper management that Singleton be fired and that upper management merely "rubber stamped" Tallon's recommendation. He asserts that the jury instructions did not inform the jury that it must consider the discriminatory motives of <u>all</u> decision-makers, rather than simply the final decision-makers, and created the impression that the jury should find in favor of the DJJ if it found that upper management was not itself racially motivated, even if it believed that Tallon was himself motivated by race. However, the jury instructions instructed the jury that it must determine whether the plaintiff's race motivated "the defendant," or the JDD, and explained

5

that a governmental agency defendant, like the JDD, was responsible for any acts or statements of its employees. Therefore, the jury instructions did not plainly create an impression that upper management's motivations were all that mattered for deliberation. Instead, the jury instructions adequately advised the jury that its deliberations should include the motivations of any relevant employee.

Singleton next argues that the jury instructions left the jury to speculate on an essential point of law. Singleton explains that he presented evidence that Tallon also demoted another black employee because of that employee's race. Singleton asserts that the jury should have been instructed to consider the role that race played in Tallon's decision to demote that other black employee as evidence that he acted in a similar manner in recommending Singleton's termination. However, Singleton has not pointed to, and we cannot find, any case law deeming evidence of other discriminatory acts an "essential" part of proving discriminatory termination. Therefore, any error in this regard was not plain. See Rodriguez, 398 F.3d at 1298. Accordingly, because the jury instructions were not a miscarriage of justice, we affirm.

**AFFIRMED.**

6